IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 4:16-CR-73-FL-1

| | | |
|---|---|---|
| SEDRIC RASHAD MARION, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 78, 80) (the "§ 2255 motion"), and to amend same (DE 92) (the "motion to amend"), and respondent's motion to dismiss (DE 86). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Brian S. Meyers entered memorandum and recommendation ("M&R") (DE 90), wherein it is recommended that the court deny petitioner's motion and grant respondent's motion. Thereafter, petitioner objected to M&R (DE 91). In this posture, the issue raised are ripe for ruling. For the following reasons, the court adopts the M&R, denies petitioner's motions and grants respondent's motion.

## BACKGROUND

Petitioner pleaded guilty June 12, 2018, to felon in possession of firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Prior to sentencing, the United States Probation Office filed a presentence report ("PSR") calculating total offense level of 30, criminal history category V, and a guidelines imprisonment range of 180 months. The court sentenced petitioner February 13, 2019 to a term of imprisonment of 180 months.

Petitioner, proceeding pro se, filed the instant § 2255 motion June 30, 2023 (DE 80), claiming that his sentence was improperly enhanced based on Armed Career Criminal Act ("ACCA") under 18 U.S.C. § 924(e) in light of Wooden v. United States, 142 S.Ct. 1063 (2022), and that he is "actually innocent" of his § 922(g)(1) conviction in light of New York State Rifle & Pistol Association v. Bruen, 142 S.Ct. 2111 (2022). In its motion to dismiss, (DE 89) filed September 19, 2023, the government argues that the petitioner's motion is untimely and that he has procedurally defaulted on his claims, unable to establish either cause and prejudice or actual innocence to overcome the default. In M&R the magistrate judge recommends dismissal for failure to state a claim upon which relief can be granted, May 6, 2024. (DE 90). Petitioner thereafter filed objections to the M&R May 23, 2024. In addition, following entry of the M&R, petitioner filed the instant motion to amend his § 2255 motion. Respondent has not filed a response to this motion.

**DISCUSSION**

A.    Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

2

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

The magistrate judge thoroughly and cogently addressed the grounds for dismissal of the instant petition. Upon de novo review of the claims asserted and the record in this case, the court overrules the objections and adopts the findings and recommendation in the M&R. Plaintiff's objections reiterate allegations already addressed in the M&R and therefore do not provide a basis for much additional analysis; however, the court will address herein the issues raised to augment the analysis in the M&R. The court has also reviewed the amended complaint and will be examined below.

1. M&R

The M&R correctly determined that petitioner's claims are untimely. The judgment became final on December 17, 2020, and the one-year limitation period under § 2255(f)(1) expired December 17, 2021, yet petitioner did not file his § 2255 motion until April 7, 2023. Clay v. United States, 537 U.S. 522, 532 (2003). Petitioner has not demonstrated entitlement to equitable

3

tolling, as he has not shown extraordinary circumstances preventing a timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010); Rouse v. Lee, 339 F.3d 238, 251 (4th Cir. 2003).

Petitioner's reliance on Wooden and Bruen does not render the claims timely under § 2255(f)(3) because petitioner filed the motion more than one year after Wooden, and Bruen does not provide alternative limitations period where Bruen does not call into question the validity of petitioner's ACCA sentence based upon a felon in possession violation. See United States v. Rahimi, 144 S. Ct. 1889, 1923 (2024) (Justice Kavanaugh, concurring) (noting that D.C. v. Heller, 554 U.S. 570 (2008) recognized exceptions to the Second Amendment right, including "longstanding prohibitions on the possession of firearms by felons and the mentally ill"); United States v. Pendenque-Alcindor, No. 5:21-CR-215-FL-1, 2023 WL 7002059, at *2 (E.D.N.C. Oct. 24, 2023) (noting that, in Bruen, "two concurring Justices explicitly recognized that the Second Amendment allows a variety of gun regulations, including prohibitions on the possession of firearms by felons").[1]

Alternatively, even if Bruen applies retroactively on collateral review and petitioner's Bruen claim is timely under § 2255(f)(3), the claim fails on the merits. To the extent petitioner challenges the facial validity of § 922(g)(1), the Supreme Court noted in Rahimi that "possession of firearms by felons and the mentally ill, are presumptively lawful." 144 S. Ct. at 1902; Pendenque, No. 5:21-CR-215-FL-1, 2023 WL 7002059, at *2 (noting that the "test articulated in Bruen therefore did not disturb the presumptive validity of § 922(g) or impose a burden on the government to demonstrate that the law is consistent with the Nation's traditions"). Further, petitioner does not raise an as-applied challenge to his § 922(g)(1) conviction.

---

[1] In citations in this order, all internal quotations and citations are omitted, unless otherwise specified.

In objection, plaintiff argues nonetheless that the court should find § 922(g)(1) unconstitutional pursuant to United States v. Prince, 700 F. Supp. 3d 663, 672 (N.D. Ill. 2023), and related district court cases. A facial challenge is the "most difficult challenge to mount successfully," because it requires establishing "that no set of circumstances exists under which the Act would be valid. Rahimi, 144 S. Ct. at 1891. "That means that to prevail, the Government need only demonstrate that Section 922(g)(1) is constitutional in some of its applications[,] [a]nd here the provision is constitutional as applied to the facts" of Marion's own case. Id. The court has reviewed these non-binding cases and, for the reasons set forth in the M&R and above, finds them unpersuasive.

The M&R also properly found the claims procedurally defaulted due to petitioner's failure to challenge his conviction or judgment on direct review. Bousley v. United States, 523 U.S. 614, 621 (1998). Petitioner has not shown cause and prejudice or actual innocence to overcome the default.

2. Motion to Add, Supplement, or Amend

Petitioner seeks to amend his motion, referencing § 2255, to assert a claim of "actual innocence" concerning ACCA enhancement 18 U.S.C. § 924(e). "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion for leave to amend should be allowed "[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). "A proposed amendment is . . . futile if the claim it presents would not survive a motion to dismiss." Save Our Sound OBX, Inc. v. N.

---

[1] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

Carolina Dep't of Transportation, 914 F.3d 213, 228 (4th Cir. 2019); see In re Triangle Cap. Corp. Sec. Litig., 988 F.3d 743, 750 (4th Cir. 2021) ("[D]istrict courts are free to deny leave to amend as futile if the [pleading] fails to withstand Rule 12(b)(6) scrutiny.").

Petitioner's motion essentially seeks to re-plead allegations that have already been addressed in the M&R. Petitioner claims "actual innocence" of the § 924(e) enhancement in violation of the Fifth and Sixth Amendments. The petitioner appears to be asserting that the enhancement, as applied to him, violates his constitutional rights under the Fifth and Sixth Amendments. The petitioner's request to amend, based on constitutional claims related to the enhancement, does not meet the standard for amendment under Rule 15, nor does it present new facts to support a valid "actual innocence" claim.

Petitioner relies on an unpublished Fourth Circuit case, arguing that the breaking and entering convictions, consolidated for sentencing without an intervening arrest, should be treated as a single episode, or sent to a jury to determine if they occurred on different occasions. (DE 92 at 2). Petitioner next relies on Erlinger v. United States, 602 U.S. 821, 835 (2024), to argue that a jury trial is required to determine whether the burglaries occurred on separate occasions, which would trigger ACCA's enhanced sentence, or during a single episode, which would not. (DE 92 at 2). As discussed in the M&R, petitioner's Wooden claim is untimely and dismissed on that basis, without determining whether the burglaries occurred on separate occasions. (DE 90 at 13-15). Even so, "the multiple intervening events involved in between each burglary indicate that driving around looking for places to burglarize does not involve the same causal inertia as burglarizing successive units in one storage facility, Wooden, 142 S. Ct. at 1067, or robbing successive patrons in one restaurant robbery." (Id. at 15).

6

Petitioner relies on Allen v. Ives, 950 F.3d 1184, 1189 (9th Cir. 2020) for the proposition that "actual innocence claims may arise when an imposed sentence exceeds the sentence that would have otherwise been the statutory maximum." (DE 92 at 1). But even assuming that is a correct statement of law, petitioner does not establish a valid actual innocence claim as to his ACCA sentence for the reasons states herein and in the M&R.

Here, futility of amendment is a valid ground for denying a motion to amend and within the district court's discretion. Forman v. Davis, 371 U.S. at 182. For the reasons set forth in the M&R, petitioner's motion lacks merit. The court finds proposed amendment futile for the reasons stated above.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court ADOPTS the M&R (DE 90). Petitioner's § 2255 motion (DE 78, 80) and his motion to amend (DE 92) are DENIED, and respondent's motion to dismiss (DE 86) is GRANTED. This action is DISMISSED for failure to state a claim upon which relief can be granted. A certificate of appealability is DENIED. The clerk is DIRECTED is close this case.

SO ORDERED, this the 21st day of November, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge